IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL D. LITTLE and IDELL STEPHENS,**

        **Plaintiffs,**

v.                                                **CIV. No. 97-383 JP/RLP**

**STATE OF NEW MEXICO, LES DUDLEY,
and JIM TRUJILLO, JR.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is Defendants' "Motion to Dismiss Claims of Idell Stephens," [Doc. No. 26], filed April 6, 1998. After a review of the facts, the law, and the briefs, I conclude that the motion should be granted.

Defendants assert that Plaintiff Idell Stephens' claims should be dismissed because, as a mere bystander to the events that are the subject of the Complaint, she has no standing to assert a Section 1983 claim against the Defendants. Plaintiffs' Complaint lacks factual detail regarding the grounds for Plaintiffs' claims and merely states:

> On or about March 22, 1995, Plaintiffs' pickup truck has run out of gas on the Lovington to Artesia Highway. Deputy Sheriffs Dudley and Trujillo came up and claimed not to know who Little was. They placed

>    him under arrest and beat him up.  His aunt, Idell Stephens, attempted
>    to come to Little's assistance, but was restrained and prevented from
>    doing so.

Complaint, ¶3.

Plaintiff Idell Stephens has failed to plead facts in support of a claim that her own constitutional rights were violated by the Defendants.  In general, a plaintiff must assert her own legal interests rather than those of third parties.  Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985).  Thus, Plaintiff Idell Stephens' claims against the Defendants should be dismissed without prejudice.  Plaintiff Stephens should be given leave to file an amended complaint alleging facts in support of her claim that the Defendants violated her personal constitutional rights, if she can do so consistent with Fed. R. Civ. P. 11.

In addition, I note that Defendants have raised the defense of qualified immunity.  (Defendants' Answer, Fourth Affirmative Defense.)  Qualified immunity shields officers from suit.  It serves to protect government officers from having to defend themselves against baseless lawsuits.  Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988).  An official is entitled to qualified immunity whenever his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Courts have adopted an objective test in determining whether a defendant is

entitled to qualified immunity. Id. at 815. In deciding if a defendant has violated clearly established law, the court examines whether the law was clearly established at the time of the defendant's actions. Mitchell v. Forsyth, 472 U.S. 511, 528 (1985). As both the Supreme Court and the Tenth Circuit have held, "'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Albright v. Rodriguez, 51 F.3d 1531, 1535 (10th Cir. 1995) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). To find that the law was clearly established at the time of the alleged violation, ordinarily there must be a Supreme Court or Tenth Circuit decision on point. Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).

Once a defendant asserts qualified immunity, the burden shifts to the plaintiff to show both facts and law to establish that the defendant is not entitled to qualified immunity. Workman v. Jordan, 32 F.3d 475, 479 (10th Cir. 1994), cert. denied, 115 S.Ct. 1357 (1995). Plaintiff must do more than merely allege that the defendant has violated a right. The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "Plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity." Albright, 51 F.3d at 1535. "In the light of pre-existing law the unlawfulness must be apparent." Id. (citation omitted).

Plaintiffs' original Complaint should be dismissed without prejudice because it fails to allege with specificity the conduct by each defendant that violated each Plaintiff's clearly established constitutional rights.  However, Plaintiffs should be allowed to file an amended complaint asserting with specificity each Plaintiff's  claims against each Defendant.

Therefore, it is ORDERED that:

(1)   Defendants' "Motion to Dismiss Claims of Idell Stephens," [Doc. No. 26] is GRANTED and all claims by Idell Stephens are dismissed without prejudice;

(2)   the original Complaint of both Plaintiffs is dismissed without prejudice by reason of failure to specify conduct by the Defendants in violation of both Plaintiffs' clearly established constitutional rights; and

(3)   both Plaintiffs may file an amended complaint no later than July 10, 1998 if they can do so in a manner consistent with Rule 11.

_____
UNITED STATES DISTRICT JUDGE